FRANK NUTT AND HULDAH T. NUTT v. WM. GADDIS.

No. 361. (59 Pac. 727.)

1. PRACTICE, *Justice Court—Appeal—Judgment.* When a defendant before a justice of the peace files a general denial, and no judgment is rendered against him, he has nothing to appeal from.

2. PRACTICE, *District Court—Referee—Findings.* Where a litigant fails to ask the court to refer the report of a referee back for additional findings, we cannot review the ruling of the referee in refusing to make additional findings.

3. ———— *Report of Referee—Motion for New Trial.* Where the district court overrules a motion to set aside the report of a referee "after argument, and being fully advised in the premises," and afterward overrules a motion to set aside the report of the referee and the confirmation thereof and to grant a new trial, "without argument or consideration," *held,* not error.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed January 13, 1900. Affirmed.

·*F. H. Atchinson,* for plaintiffs in error.
*W. D. Atkinson,* for defendant in error.

The opinion of the court was delivered by

Dennison, P. J. : This action was commenced before a justice of the peace of Labette county, and judgment rendered in favor of the defendant in error against one of the plaintiffs in error, Frank Nutt, who appealed to the district court of said county. The case was referred to a referee, who found against Frank Nutt in the sum of ninety-five cents and costs. The answer of Frank Nutt alleges that the defendant in error is indebted to him in the sum of $286.80.

The plaintiffs in error allege several assignments of error in their brief and petition in error.

The referee refused to permit Huldah T. Nutt to testify, because she was the wife of Frank Nutt. It is claimed that she was competent because she was a party to the suit in the justice court and appealed or intended to appeal to the district court.

Frank Nutt filed an answer and counter-claim before the justice of the peace and Huldah T. Nutt filed a general denial. · Judgment of $42.33 was rendered by the justice of the peace against Frank Nutt, but no judgment was rendered against Huldah T. Nutt. There being no judgment against her and her answer being a general denial, she had nothing to appeal from. It is not claimed that she is being damaged by this ruling. The evident purpose seems to be to make her competent as a witness for Frank Nutt. We see no error in the ruling.

It is contended that the referee erred in not finding specially upon certain questions submitted to him. In order to raise this question, the court should have

been requested to refer the report back to the referee with direction to make such additional findings. Failing to do so, we cannot review the ruling of the referee.

It is seriously contended that the court erred in overruling the motion for a new trial *pro forma*. Ordinarily this would be a serious and reversible error, but is it so in this case ? The journal entry of judgment recites :

"Now, on this 1st day of June, A. D. 1895, this cause came on for hearing on the regular call of the docket, upon the motion of the defendants to set aside the report of the referee heretofore made in this action, and upon the motion of the plaintiff to confirm said report and for judgment in accordance therewith. The plaintiff appeared by J. W. Iden, his attorney, and the defendants by F. H. Atchinson, their attorney ; and after hearing the motions, the argument of the respective counsel, and being fully advised in the premises, the court doth overrule and deny the motion of the defendants to set aside the report of said referee, to which ruling and decision of the court the defendants at the time duly excepted and except ; and the court sustained the motion of the plaintiff ; and it is ordered by the court that the report of said referee heretofore made and filed herein be and hereby is confirmed and approved."

On June 3 the defendants below filed their motion to set aside the report of the referee and the confirmation thereof, and to grant a new trial, and the following language appears in the journal entry overruling such motion : "The defendants appeared by F. H. Atchinson, their attorney, and the plaintiff appeared not, either in person or by attorney ; and without argument or consideration the court doth overrule and deny the motion."

It is well settled by the courts of this state that the trial court errs in overruling a motion for a new trial

*pro forma*, and the error is fatal.   In the case at bar the reason for the rule fails ; therefore the rule fails. Our supreme court has said, in *The State v. Bridges*, 29 Kan. 138 :

"The motion to set aside the verdict and for a new trial embraced, among other grounds, 'that the verdict was not sustained by sufficient evidence.'   The district judge did not approve of the verdict of the jury, as is usually done by trial courts in similar cases when such a motion is overruled, but expressly announced that he overruled the motion *pro forma*, and declined to look into the evidence or pass upon its sufficiency.   This was serious and grievous error.   It was a refusal on the part of the trial court to perform its bounden duty, alike unjust to this court and the appellant.   When a verdict is challenged upon the ground alleged in this case, the judge, who has the same opportunity to hear and see the witnesses as the jury, should declare his approval or disapproval of the verdict, and if he refuses to do this by overruling the motion *pro forma*, and thereby attempting to transfer the whole question to the supreme court, he trifles with the sacredness of his duty.   A party is deprived by such action of a review and consideration of the evidence by the court hearing and seeing the witnesses.   This court does not have the same opportunity as the trial judge for forming a just opinion of the credence to be placed in the various witnesses, as testimony on paper is not like testimony from living lips.   Even in a civil case, when the judgment of a trial judge tells him that the verdict is wrong, that, whether from mistake, or prejudice, or other cause, the jury have erred and found against the fair preponderance of the evidence, then no duty is more imperative than that of setting aside the verdict and remanding the question to another jury.   (*Railroad Co. v. Kunkel*, 17 Kan. 145.)"

The report of the referee occupies the same position as the verdict of a jury, so far as this question is con-

cerned, and, when the court passed upon the motion to set aside the report of the referee, it acted after argument and being fully advised in the premises.

We think the record fully shows that the court considered all the questions which were necessary to sustain the report of the referee.

Some other questions are raised relating to the evidence supporting the findings of fact made by the referee, but as there was some evidence to sustain them, and they were properly approved by the trial court, we cannot consider them.

The judgment of the district court is affirmed.